* * * * * * * * * * *
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Glenn and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. The Full Commission adopts the Opinion and Award of Deputy Commissioner Glenn with minor modifications.
 * * * * * * * * * * *
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by parties as: *Page 2 
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission and the Industrial Commission has jurisdiction of the parties and of the subject matter of this case. All the parties are bound by and subject to the North Carolina Workers' Compensation Act. All parties have been correctly designated and there is no question as to the misjoinder or nonjoinder of any party.
2. A relationship existed between defendant and plaintiff at all times relevant herein.
3. ACE, USA was the workers' compensation carrier for the defendant at all relevant times herein.
4. Plaintiff's average weekly wages will be determined from the hearing.
5. The parties have stipulated to the following exhibits;
 a. Stipulation #1a and #1b, plaintiff's medical records,
 b. Stipulation #2, IC Forms, pleadings, accident report and statute,
 c. Stipulation #3, distributorship documents and records,
 d. Stipulation #4, franchise offering, and
 e. Stipulation #5, drug history printout.
6. The issues to be decided from this hearing are the following:
 a. Whether the North Carolina Industrial Commission has jurisdiction to hear this matter? This issue will be initially determined, if there is jurisdiction then the parties will complete the record and remaining issues will be decided.
 b. If so, whether plaintiff sustained an injury by accident while in the course and scope of his employment with defendant-employer? *Page 3 
 c. If so, what, if any, benefits is plaintiff entitled to recover under the North Carolina Workers' Compensation Act?
 * * * * * * * * * * *
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. On June 28, 1999, plaintiff entered into a contract with Travis Killian wherein he purchased the distribution rights to certain products of George Weston Bakeries Distribution, Inc., hereinafter defendant, formerly named Bestfoods Baking Distribution Company, along with other items including a handheld computer and printer for approximately $61,607.00. Defendant is a bakery making and selling different kinds of bakery goods to stores for sell to the public.
2. The distribution rights purchased by plaintiff were known as Sales Area 5 and covered an area located in Mecklenburg County, North Carolina.
3. As part of the purchase of the distribution rights, plaintiff executed a Distribution Agreement with defendant. As part of that Distribution Agreement, plaintiff was allowed to purchase and sell defendant's products to customers located in the specific sales area designated by the Agreement of Sale.
4. The Distribution Agreement covered the relationship between plaintiff and defendant and gave plaintiff the exclusive right to sell defendant's products to stores in his sales area along with developing new sales contacts in his geographic area.
5. Plaintiff paid defendant on a weekly basis for the products he purchased from defendant under the Distribution Agreement and in some cases sold his customers' receivables to *Page 4 
defendant. Plaintiff would either receive a check representing his weekly gross profit or would receive an invoice for any balance due owed to defendant.
6. Plaintiff also entered into an Advertising Agreement with defendant wherein he was paid a weekly advertising fee to rent space on his vehicle for the purpose of promoting defendant's brands. Under the Advertising Agreement, plaintiff would also receive monthly rent payments for displaying defendant's logos and other advertising images on clothing to be worn by plaintiff while distributing defendant's products.
7. Plaintiff was not required to accept the payments for rental space on his vehicle or on his clothing, and in fact, could refuse to display any type of advertisement.
8. The Distribution Agreement governed how the relationship between plaintiff and defendant would end. Defendant did not have the right to terminate the relationship with plaintiff without cause or if plaintiff adopted one method of doing the work under the Agreement as opposed to another. The Distribution Agreement provides that defendant may only terminate the Agreement upon either a curable breach that is not cured by plaintiff or upon a non-curable breach committed by plaintiff.
9. Plaintiff was previously employed by Waldensian Bakeries, Inc. as an employee prior to making his purchase of the distribution rights for defendant.
10. Plaintiff made a determination in 1999 to purchase one of defendant's routes because he wanted a business opportunity. After purchasing defendant's route, plaintiff filed his tax returns as an owner of a business as opposed to an employee. Plaintiff's tax returns included a Schedule C Profit or Loss for Business in which he identified as income the profits and losses related to the earnings and expenses in connection with his distributorship. In the Profit and Loss Statement, plaintiff deducted expenses for his business that a normal employee would not *Page 5 
deduct as part of his or her tax filings. Plaintiff also filed a self-employment tax or a Schedule SC which showed that he was engaged in self-employment. In addition, plaintiff claimed deductions for the use of his home.
11. Distributors, such as plaintiff, could increase their sales volume through current customers or new customers in their territory, which would allow them to sell a portion of the territory covered under their Distribution Agreement.
12. Plaintiff was not paid at a specified rate but earned income on the difference between the cost of the product and its resale price. Plaintiff's earnings were not paid at an hourly basis but rather varied based on the products sold and his ability to grow sales which resulted in a direct appreciation of the value of his earned income along with the value of his distributorship.
13. Plaintiff was allowed to hire employees or engage contractors to perform under the Distribution Agreement. Plaintiff was allowed to perform his work at his own set schedule and the only time requirements were that he had to pick up his product at the times defendant's depot was open and work within the store hours which was controlled by the stores and not by plaintiff or defendant.
 * * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. The North Carolina Industrial Commission does not have jurisdiction to hear and decide this matter because plaintiff was not an employee of defendant as defined by the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-2.
 * * * * * * * * * * * *Page 6 
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff has failed to show by the greater weight of the evidence that the North Carolina Industrial Commission has jurisdiction over this matter. Consequently plaintiff's workers' compensation claim is DENIED on the grounds that the North Carolina Industrial Commission lacks jurisdiction over the relationship between plaintiff and defendant.
2. Each side shall bear its own costs.
This the 5th day of October, 2007.
 S/_________________________
 BUCK LATTIMORE
 COMMISSIONER
CONCURRING:
S/________________________ DANNY L. McDONALD COMMISSIONER
S/________________________ BERNADINE S. BALLANCE COMMISSIONER *Page 1